UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES FOR THE LABORERS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EMPIRE ENGINEERING & CONSTRUCTION, INC.,<br><br>   Defendant. | Case No. 21-cv-04403-JSC<br><br>**ORDER TO SHOW CAUSE RE: SERVICE OF PROCESS**<br><br>Re: Dkt. No. 13 |

In this civil action, Plaintiffs, several employee benefit plans and their trustees, allege that Defendant Empire Engineering and Construction, Inc. failed to pay contributions to the trust funds as required by the parties' bargaining agreements. Plaintiffs' motion for default judgment requesting unpaid contributions, liquidated damages, interest, and attorneys' fees and costs is now pending before the Court. (Dkt. No. 13.) Because the Court has concerns regarding the adequacy of service, Plaintiffs are ORDERED TO SHOW CAUSE as follows.

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service on a corporation may be made by delivering a copy of the summons and complaint in accordance with state law where the district court is located. *See* Fed. R. Civ. Proc. 4(e)(1) & 4(h)(1)(A). California law states that service on a corporation may be made by serving "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Service may be completed by personal service, Cal. Civ. Proc. Code § 415.10, or by leaving the summons and complaint "during usual office hours in [the

person's] office or, if no physical address is known, at his or her usual mailing address… with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a).

Here, the summons listed Defendant's name and address as "CLIFTON BURCH, as agent of service for EMPIRE ENGINEERING & CONSTRUCTION, INC.; 180 MENDELL STREET; SAN FRANCISCO CA 94124" (the "Mendell Street" address). (Dkt. No. 4.) The California Secretary of State website identifies Defendant's agent as Clifton Burch and the address for service of process as the Mendell Street address. *See Business Search – Entity Detail*, CALIFORNIA SECRETARY OF STATE, https://businesssearch.sos.ca.gov/ (select "Corporation Name" search type and search "empire engineering & construction, inc.") (last visited October 7, 2021). However, the Proof of Service states that the Complaint and Summons were served on Defendant's agent for service of process, Clifton Burch, by substituted service by leaving copies with Muhammed Jawwad, manager, at 675 Hegenberger Rd. suite 216, Oakland, CA 94621 (the "Hegenberger Road" address) as well as by mail at the same address. (Dkt. No. 6 at 1, 3.)

Plaintiff's motion for default judgment does not address (1) that Defendant was served at a different address than the one identified for the agent for service of process, or that (2) substituted service was made on the manager and not the listed agent for service. While substituted service may be proper, "Plaintiffs must [] be reasonably diligent in their attempts at direct service before substitute service is permitted*." Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005). Plaintiffs have provided no information regarding what efforts were made to serve Defendant prior to making substituted service. *See Aussieker v. M&S Green-Power Energy, Inc.*, No. 2:18-cv-03234-JAM-AC, 2019 WL 2183783, at *4 (E.D. Cal. May 21, 2019) (recommending denial of motion for default judgment because plaintiffs did not attempt personal service two or three times before using substitute service). Nor have Plaintiffs shown that the Hegenberger Road address is an office address as required by Cal. Civ. Proc. Code § 415.20(a). *See EDJX, Inc. v. 6x7 Networks, LLC*, No. 21-cv-02398-SK, 2021 WL 4262290, at *1-2 (N.D. Cal. September 20, 2021) (finding that substituted service by leaving

the summons and complaint with a resident of Cannon, the defendant's agent for service of process, at Cannon's address would be ineffective because the plaintiff did not provide a declaration showing reasonable diligence and did not state whether the address was a business address). The California Code of Civil Procedure allows service by leaving a copy of the summons and complaint at the person's usual place of business with a person apparently in charge of the office, but only in particular circumstances, which are not alleged here. *See* Cal. Civ. Proc. Code § 415.20(b); *see also* Cal. Civ. Proc. Code §§ 416.60, 416.70, 416.80, 416.90.

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE regarding the adequacy of service. In particular, Plaintiffs shall file a written response to this Order by October 21, 2021. The October 28, 2021 hearing on Plaintiff's motion for default judgment is VACATED pending disposition of this Order to Show Cause. The Court will take the motion under submission upon receipt of Plaintiffs' response.

**IT IS SO ORDERED.**

Dated: October 7, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge